IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Midwest Media Property, L.L.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:04-CV-604 |
| vs. | ) ) | |
| Symmes Township, Ohio, | ) ) | |
| Defendant. | ) | |

Memorandum and Order

Plaintiffs initiated this action on September 3, 2004, challenging on

Constitutional grounds the Symmes Township Sign Regulations, which are a part of the

Symmes Township Zoning Resolution.  Plaintiffs are Midwest Media Property

("Midwest"), a limited liability company whose business is the erection and operation of

advertising signs, and owners of property within the Township.  In July and August 2004,

Midwest's representative submitted sign applications for the erection of signs on the

property of the other Plaintiffs and other Symmes Township property owners who are not

parties to this action.  A Township official either refused to accept the applications or

denied them with a notation that the applications contemplated the impermissible erection

of billboards.  While the Symmes Township Zoning Resolution provided a means for

obtaining a "Refusal Letter," which would constitute a final denial for purposes of

appealing to the Township's Board of Zoning Appeals, Plaintiffs did not seek such final

denials and, instead initiated this action.  They allege that the signs contemplated by the applications would have borne both commercial and non-commercial messages. Defendant now seeks summary judgment with respect to all of Plaintiff's claims (Doc. 22).

A.  Background

The applications submitted by Plaintiffs contemplated signs of a size and height which were clearly outside the permissible size and height provisions of the Symmes Township Zoning Rules.  Plaintiffs do not base their claims in this action upon those provisions, however, nor were they the identified bases for the denial or refusal to accept the applications by the Township.  Rather, the identified reason was that the contemplated use violated the Township's prohibition on off-site billboards.  In other words, Plaintiffs sought to erect signs other than signs advertising businesses operated on the site of the sign.  Plaintiffs contend that the Township's Sign Rules violate the First and Fourteenth Amendments to the United States Constitution in that they, *inter alia*, impermissibly distinguish between on- and off-site advertising and disfavor non-commercial speech.  They also challenge the Sign Rules on the ground that they vest insufficiently curtailed discretion in Township officials.  They assert these constitutional claims, none of which relate to the size and height restrictions of the Sign Rules, pursuant to 42 U.S.C. § 1983.

The refusals and/or denials of the applications by a Township official occurred on the days the applications were submitted.  They were in the form of notations and, in some cases, citation of one provision of the Sign Rules.  Plaintiffs initiated this action within weeks of the refusals and/or denials.

B.  The Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom.  United States v. Diebold, Inc., 369 U.S. 654 (1962).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary.  The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."

Anderson, 477 U.S. at 250.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment.  Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472 (1962).  "[T]he issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial."  First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. Id.; Anderson, 477 U.S. at 250. Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim. Id. Rule 56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits." Accordingly, where the non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

C. Analysis

Defendant argues that Plaintiffs' claims are not ripe for adjudication because the decisions of the Township Zoning Inspector upon which Plaintiffs base their

claims were not final denials of Plaintiffs' applications.  The Court does not find support

in the Sign Rules or the Zoning Resolution for that contention, however.

While the Zoning Resolution provides a mechanism for obtaining a Refusal

Letter in order to appeal the Zoning Inspector's decision to the Board of Zoning Appeals,

it nowhere states that the Zoning Inspector's denial is not the Township's final decision.

Indeed, the Zoning Inspector is characterized as the "enforcing officer" in Section 325.8

of the Sign Rules.  This fact appears to distinguish this matter from National Advertising

Co. v. Miami, 402 F.3d 1335, 1340 (11th Cir. 2005), in which the court concluded that

the zoning clerk's refusal of an application was not a conclusive denial under the

applicable regulations.  The Court finds no ripeness impediment to the justiciability of

Plaintiffs' claims based upon the Zoning Inspector's denials of their applications.

Defendant further contends that Plaintiffs' claims were rendered moot by

the amendment of the Sign Rules to eliminate certain provisions challenged by the

Plaintiffs, including the provision cited by the Zoning Inspector as the basis for the denial

of Plaintiffs' application.  Plaintiffs contend that the constitutionality of the provision of

the Sign Rules upon which the Zoning Inspector ostensibly relied, as it existed when

Plaintiffs submitted their applications, remains a justiciable issue, inasmuch as the Court's

resolution of that issue in Plaintiffs' favor may entitle them to relief in one or more forms,

and, most especially, in the form of damages.  See Buckhannon Bd. & Care Home, Inc. v.

West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 608-09 (2001).

The Court agrees that Plaintiffs' claims based upon the provision of the Sign Rules upon which their applications were denied may not be moot.  Moreover, their challenges to other provisions is not moot to the extent that those provisions have survived the Township's amendment of the Sign Rules.

The issue of the remedies available to Plaintiffs in the event that they establish the unconstitutionality of the provision of the Sign Rules upon which their applications were denied has not been the subject of sufficient briefing by the parties. The Court is well aware that Plaintiffs asserts that they are entitled to damages for the resulting deprivation of their rights to free speech.  They further contend that they are entitled to erect the signs contemplated in the denied or refused applications.

The Court perceives a number of issues to which the parties have given inadequate attention in their memoranda in support of, and in opposition to, Defendant's motion for summary judgment in order to permit the Court to determine whether Plaintiffs may be entitled to any relief in this matter.  The first such issue is the effect of the fact that the proposed signs were in clear violation of provisions of the Sign Rules not cited by the Zoning Inspector in denying or refusing Plaintiffs' applications but also not challenged on constitutional grounds by Plaintiffs.  Can the Court require the Township to permit the erection of signs in clear violation of apparently constitutionally permissible regulations because its official failed to cite those regulations in denying an application? Are the constitutionally permissible provisions severable and enforceable even if other provisions are not?  Are Plaintiffs entitled to damages even though their applications

7

would have been subject to denial even in the complete absence of the contested portions

of the Sign Rules?  Resolution of those issues in favor of Defendant may eliminate the

necessity of the Court's resolving certain constitutional issues in this case.

The Court recognizes that Plaintiffs have challenged on overbreadth

grounds provisions of the Sign Rules, pre- and post-amendment, that were not directly

applied to them.  The parties have briefed extensively the issue of Plaintiffs' standing to

assert those challenges.  One of the essential issues in that standing analysis is whether

Plaintiffs "can reasonably be expected properly to frame the issues and present them with

the necessary adversarial zeal."  Sec'y of State of Md. v. Joseph H. Munson Co., 467 U.S.

947, 956 (1984).  The viability of any of Plaintiffs' claims for relief in this matter will

undoubtedly impact this Court's perception of the likelihood that Plaintiffs will pursue the

claims of absent third parties with the requisite adversarial zeal.  Accordingly, the Court

is not in a position to consider all of the issues relating to Plaintiffs' prudential standing at

this stage of this litigation without first resolving the issue of their entitlement to any form

of relief on their own claims.

The Court recognizes that the parties have invested substantial resources in

the preparation of their memoranda to date.  The Court is not in a position to enter

judgment in favor of Plaintiffs or Defendant at this time for the reasons identified herein.

The Court will permit any party to file a motion for complete or partial summary

judgment addressing the issues identified by the Court in this Memorandum and Order

and related issues on or before March 31, 2006.  In the event that no such motions are

filed, the Court will direct the Courtroom Deputy to reschedule a final pretrial conference and a trial in this matter.  The dates previously set for final pretrial conference and trial in this matter are hereby **VACATED**.

In the meantime, the Court will consider Defendant's motions pertaining to the testimony of Plaintiffs' expert witnesses.  Defendant's motion for summary judgment (Doc. 22) is **DENIED**, subject to partial renewal, as set forth more fully herein.

**IT IS SO ORDERED.**

_____/s/_____
Sandra S. Beckwith, Chief Judge
United States District Court
